IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**DARRYL WILLIAM YOUNG,**

    Petitioner,

v.

**BIRKHOLS**, Interim Warden, FCI Sheridan

    Respondent.

Case No. 3:25-cv-182-SB

**ORDER**

**Michael H. Simon, District Judge.**

    United States Magistrate Judge Stacie F. Beckerman issued Findings and Recommendation in this case on April 21, 2025. Judge Beckerman recommended that this Court dismiss without prejudice Young's February 3, 2025 Petition for Writ of Habeas Corpus and deny as moot all other pending motions.

    Under the Federal Magistrates Act ("Act"), the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party objects to a magistrate judge's findings and recommendations, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

    For those portions of a magistrate judge's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474

PAGE 1 – ORDER

U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court must review *de novo* magistrate judge's findings and recommendations if objection is made, "but not otherwise"). Although in the absence of objections no review is required, the Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Rule 72(b) of the Federal Rules of Civil Procedure recommend that "[w]hen no timely objection is filed," the Court review the magistrate judge's recommendations for "clear error on the face of the record."

Young filed an objection, challenging Judge Beckerman's recommendation that the Court has no jurisdiction over this case. Young argues that the Bureau of Prisons ("BOP") abused its discretion by failing properly to apply its policies for calculating First Step Act ("FSA") earned time credits. Young adds that because of this alleged failure, BOP denied Young an earlier date for transfer from FCI Sheridan to a residential re-entry center or home confinement.

The Court agrees with Judge Beckerman that it does not have subject matter jurisdiction over this case. As Judge Beckerman explained, BOP's individualized decisions as to whether and when an individual qualifies for placement in a residential re-entry center or home confinement are not subject to judicial review. *See* 18 U.S.C § 3621(b)(5) ("Notwithstanding any other provision of law, a designation to a place of imprisonment under this subsection is not reviewable by any court."); *Reeb v. Thomas*, 636 F.3d 1224, 1227 (9th Cir. 2011) (explaining that a habeas claim cannot be sustained based solely upon the BOP's violation of an internal program because "noncompliance with [an internal program] is not a violation of federal law"); *see also id.* at 1228 ("Although judicial review remains available for allegations that BOP action

is contrary to established federal law, violates the United States Constitution, or exceeds its statutory authority, [the petitioner's] habeas petition alleges only that the BOP erred in his particular case." (footnote omitted)).

Finally, on April 28, 2025, Young filed a second petition that generally makes the same arguments as his first. Because the April 28th petition repeats the arguments from the February 3rd petition, the April 28th petition does not cure[1] the legal deficiencies outlined in Judge Beckerman's Findings and Recommendation.[2]

The Court ADOPTS Judge Beckerman's Findings and Recommendation, ECF 5. The Court dismisses without prejudice Young's Petition for Writ of Habeas Corpus, ECF 1. The Court also dismisses without prejudice Young's second Petition for Writ of Habeas Corpus, ECF 7. The Court denies as moot Young's Motion for Appointment of Counsel, ECF 2.

**IT IS SO ORDERED**.

DATED this 12th day of June, 2025.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge

---

[1] Although this petition was filed on April 28th and entered on April 29th, it is dated April 20th, a day before Judge Beckerman issued her Findings and Recommendation.

[2] In his April 28th petition, Young *also* alleges that his case manager retaliated against Young for filing the February 3rd petition by taking away Young's telephone privileges. A retaliation claim does not fall within the core of habeas corpus and should be pursued in a separate civil action. *See Pinson v. Carvajal*, 69 F.4th 1059, 1071 (9th Cir. 2023); *Jackson v. Doerer*, 2024 WL 4867554, at *1 (C.D. Cal. July 31, 2024) (applying *Pinson* to hold that a petitioner bringing a retaliation claim in his petition for writ of habeas corpus under 28 U.S.C. § 2241 needed to do so in a separate civil rights action).

PAGE 3 – ORDER